**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **KIMBERLY SMITH,** *et al.* | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **Civil Case No.: SAG-25-03766** |
| v. | * | |
| | * | |
| **LANE BRYANT BRANDS OPCO LLC** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

Plaintiffs Kimberly Smith and Anne Kellam, on behalf of themselves and all others similarly situated, (collectively, "Plaintiffs") filed this action in the Circuit Court for Baltimore City against Defendant Lane Bryant Brands Opco LLC ("Lane Bryant"), alleging a violation of the Maryland Commercial Electronic Mail Act ("MCEMA"). ECF 4. Lane Bryant removed the case to this Court, ECF 1, and has now filed a motion to dismiss, ECF 24. Plaintiffs opposed the motion to dismiss and, in doing so, raised the issue of their Article III standing and therefore this Court's subject-matter jurisdiction. ECF 31. Lane Bryant then filed a reply, ECF 33. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, this case will be remanded for lack of subject-matter jurisdiction. This Court will not address the motion to dismiss, which should be adjudicated in state court.

**I.    BACKGROUND**

Plaintiffs' complaint alleges that Lane Bryant sends Maryland consumers emails with intentionally misleading subject lines that either falsely suggest that a sale will end sooner than it actually will or that fail to disclose conditions required to obtain discounts or gifts. ECF 19 ¶ 2. Plaintiffs bring one claim for violation of the MCEMA, which prohibits the sending of certain

emails containing false and misleading information. *Id.* ¶¶ 92–109; *see also* Md. Code Ann., Com. Law § 14-3002. Plaintiffs seek attorneys' fees and statutory damages but do not seek actual damages. ECF 19.

## II.    LEGAL STANDARD

Article III of the Constitution authorizes federal courts to resolve only "Cases" and "Controversies," and a case or controversy exists only when a plaintiff has standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting U.S. Const. art III, § 2). Standing thus implicates a federal court's subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88 (1998). Standing requires a plaintiff to show (1) injury in fact, (2) that is caused by the conduct of the defendant, and (3) that is likely redressable by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). In the removal context, the burden of establishing subject-matter jurisdiction lies with the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

## III.    DISCUSSION

As noted above, Plaintiffs have raised the issue of their own Article III standing and therefore this Court's subject-matter jurisdiction. Although Plaintiffs have not taken a position as to standing, only raising it for this Court's consideration, a federal court has an independent duty to assess its subject-matter jurisdiction. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). Accordingly, this Court must determine whether Plaintiffs have standing.

The existence of a statutory right accompanied by a cause of action to vindicate that right does not automatically satisfy the injury in fact requirement of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Rather, even in the context of a statutory violation, Article III still

requires a showing of concrete harm. *Id.* Accordingly, a federal court has jurisdiction to hear a lawsuit alleging a statutory violation only if that violation allegedly caused concrete harm. *TransUnion*, 594 U.S. at 427. To determine whether an intangible harm constitutes an injury in fact, the court should consider whether it has a "close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 578 U.S. at 340–41. The Supreme Court has identified reputational harms, disclosure of private information, and intrusion upon seclusion as intangible harms having such a close relationship. *TransUnion*, 594 U.S. at 425.

Although the Fourth Circuit previously concluded that a plaintiff in another MCEMA case had standing based on the legal interest created by the MCEMA, *see Beyond Systems, Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 716 (4th Cir. 2015), *Spokeo* and *TransUnion* have since rejected that reasoning. Indeed, the Fourth Circuit has since reiterated that pleading a statutory violation does not, in itself, establish a concrete injury for standing purposes. *See Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 921 (4th Cir. 2022); *see also Asabre v. Retail Servs. & Sys., Inc.*, No. PWG-22-148, 2022 WL 4326536, at *2 (D. Md. Sept. 19, 2022) (rejecting the reasoning in *Kraft* in light of the subsequent decisions in *Spokeo*, *TransUnion*, and *Garey*).

Another court in this district determined that a plaintiff lacked Article III standing for a nearly identical alleged violation of the MCEMA. *See Asabre*, 2022 WL 4326536, at *2. In *Asabre*, the plaintiff alleged a violation of the MCEMA based on emails offering discounts that failed to include the conditions of the discounts in the subject headings. *Id.* at *1. The plaintiff alleged no harm stemming from these emails and sought only attorneys' fees and statutory damages. *Id.* at *1–2. The court determined that it need not engage in a protracted analysis regarding whether a close relationship existed between the alleged injury and one historically recognized because the

plaintiff alleged neither an injury nor any facts suggesting that she had incurred an injury. *Id.* at *2. Thus, the court concluded that the plaintiff lacked Article III standing and the court lacked subject matter jurisdiction. *Id.* at *2–3.

Turning to the facts of this case, the complaint similarly contains no allegations that Plaintiffs suffered any injury from the emails. It does not allege that Plaintiffs themselves were misled by the emails or that they took any action in response to receiving the emails. Moreover, Plaintiffs seek only attorneys' fees and statutory damages, rather than actual damages, for which the MCEMA also provides. *See* § 14-3003(1) (providing for damages "in an amount equal to the greater of $500 or the recipient's actual damages"). As in *Asabre*, this Court cannot consider whether the alleged injury has a close relationship to one historically recognized because Plaintiffs have alleged no injury.

Lane Bryant's argument in support of standing is unpersuasive. Lane Bryant notes that Plaintiffs, in their merits arguments, have contended that Lane Bryant's conduct was tortious. According to Lane Bryant, if its conduct was tortious, then the conduct has a close relationship to that of a traditional tort for purposes of standing. But the legal standard is not whether the alleged *conduct* has a close relationship to one historically recognized, but whether the alleged *intangible injury* does. As described above, Plaintiffs have alleged no injury. Lane Bryant therefore has not met its burden to establish this Court's subject-matter jurisdiction.

Accordingly, this Court concludes that Plaintiffs lack Article III standing, and, as a result, this Court lacks subject-matter jurisdiction over this case. The case therefore must be remanded to state court.

**IV.  CONCLUSION**

For the reasons stated above, this case will be remanded to the Circuit Court for Baltimore City for further adjudication, including the still-pending motion to dismiss. A separate Order follows.

Dated: June 17, 2026                                      _____/s/_____

                                                         Stephanie A. Gallagher
                                                         United States District Judge